## In the Supreme Court of Pennsylvania.
### WESTERN DISTRICT.

## ARMSTRONG & CO. vs. WALKER.

An attorney who has opened his client's case to a jury, and examined witnesses in that behalf, is not thereby rendered incompetent to testify.

**Error to the Common Pleas of Erie County.**

Opinion by

READ C. J. On the trial of this case A. S. Foster, Esq., was offered as a witness on the part of the defence, objected to by the plaintiff's counsel, and rejected by the Court for the following reasons: "Mr. Foster is attorney for the defendant Follansbee—opened the case for him to the jury and examined the witnesses for said defendant, and the court on this ground excludes him as a witness." This is assigned for error.

In Frear vs. Drinker 8 Barr 521, Mr. Justice Rogers says, "It is also contended an attorney is not a competent witness for his client. In England it has been lately ruled that an attorney is not to give evidence under

certain circumstances." He cites two cases before Mr. Justice Patterson, and Mr. Justice Erle, and he says : " The furthest the court has yet gone is to discourage the practice of acting in the double capacity of attorney and witness, but there is nothing to prohibit an attorney from being a witness for his client when he does not address the jury."

" It is said, and I agree, that it is a highly indecent practice for an attorney to cross examine witnesses, address the jury and give evidence himself to contradict the witnesses. It is a practice which as far as possible should be discountenanced by courts and counsel. But these cases are not open to this objection, because it appears negatively, that the counsel did not address the jury. It is sometimes indispensable that an attorney to prevent injustice should give evidence for his client."

In the earlier cases in Pennsylvania, the objection to the examination of the attorney in the cause, was his interest in it, as in the case of the late Judge Baldwin in Miles vs. O'Hara 1 S. & R. 32 in 1814. In the first case, Newman vs. Bradley 1 Dallas 240 in 1788, Howell who was of counsel for the plaintiff, gave the chief evidence to support the action, and he and Tod, argued the cause before the jury, and there was a verdict for the plaintiff." When Howley offered himself as a witness Levy objected, that he was interested, in as much as his judgment fee depended on his success, in the cause. But the objection was overruled by the court.

The two English cases cited by Judge Rogers have since been overruled. Pitt Taylor in the 2d volume of his Treatise on the Law of Evidence p. 1170 § 1240 (4th edition) thus states the Law : " The Judge at Nisi Prius were at one time inclined, to regard as *incompetent to testify* all persons, whether counsel attorneys or parties, who being engaged in a cause had actually addressed the jury on behalf of that side on which they were afterwards called upon, to give evidence. Further investigation of the subject however, has led to a judicial acknowledgment that no such practice exists." The authority for this is Cobbett vs. Hudson 22 L. J. 2 B. 11 (1852) the judgment of the court (of which Mr. Justice Erle was one) being delivered by Lord Campbell C. J.

The question may therefore be considered as settled in England and Pennsylvania, and also in Massachusetts. Potter vs. Inhabitants of Ware 1 Cushing 519. There was therefore error in holding Mr. Foster was not a competent witness.

The paper books on both sides speak of testimony and argue upon it without printing the evidence on which the remarks are based which obliges us to disregard what might otherwise be of importance.

The answer of the court to the third point appears to be open to the technical objection that the plaintiff could not recover in his own name but must use the name of the firm of Walker and Armstrong.

Judgment reversed and *venire de novo* awarded.